IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-01876-RPM

KIRK WARREN,

        Plaintiff,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

        Defendant.

---

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND
DEFENDANT'S MOTION FOR FEES AND COSTS

---

On June 23, 2006, this Court entered an order dismissing this civil action, without prejudice, for lack of subject matter jurisdiction.  That order was based on a decision of the Colorado Court of Appeals of May 18, 2006, which the Court accepted as controlling law in this case.  The plaintiff filed a motion for reconsideration of that order on July 28, 2006, after filing a notice of appeal on July 24, 2006.  The defendant moved to strike the plaintiff's motion for reconsideration because the notice of appeal deprived this court of further jurisdiction.  The plaintiff responded that the notice of appeal was filed only as a precautionary measure because no judgment was entered as a separate document under Fed. R. Civ. P. 58(a).  No separate entry was required in this case because there was no judgment adjudicating the merits of any of the

1

plaintiff's claims in that this Court's order dismissed the entire civil action for lack of subject matter jurisdiction. Rule 4(a)(1) of the Federal Rules of Appellate Procedure expressly provides for the filing of a notice of appeal within 30 days after the judgment or order appealed from is entered. Judgment and order are stated in the disjunctive. This Court could not enter a judgment in a case in which it has no jurisdiction. Accordingly, the notice of appeal was timely filed and did deprive this Court of jurisdiction to consider the motion for reconsideration.

The defendant on July 7, 2006, filed a motion for fees and costs under C.R.S. § 13-17-201, relating to the dismissal of a tort action. This civil action included claims other than tort claims. That statute and related Colorado statutes regarding costs is not applicable in this case because the dismissal was for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). While the statute refers to a dismissal of a tort action on a motion prior to trial under Rule 12(b) of the Colorado Rules of Civil Procedure, and while those rules also contain a Rule 12(b)(1) for dismissal for lack of subject matter jurisdiction, the principal authority cited in support of the motion is *Houdek v. Mobile Oil Corp.,* 879 P.2d 417 (Colo. App. 1994), a case that was dismissed under Rule 12(b)(5) for failure to state a claim upon which relief could be granted because the tort claims were preempted by federal law. In this Court's view, applying the literal language of the state statute to this dismissal which occurred late in the proceedings because of a new decision of the Colorado Court of Appeals which this Court adopted as defeating subject matter jurisdiction would be unreasonable and not within the

legislative purpose of discouraging unnecessary litigation of tort claims.

Upon the foregoing, it is

ORDERED that the plaintiff's motion for reconsideration is denied and it is

FURTHER ORDERED that the defendant's motion for fees and costs is denied.

Dated: September 19, 2006

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch, Senior District Judge